IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES GUARNIERI,**<br><br>　　　　　　**PLAINTIFF,**<br><br>　v.<br><br>**SIMON & SCHUSTER INC.**<br><br>　　　　　　**DEFENDANT.** | **Civil Action No. _____**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

Plaintiff Charles Guarnieri, by and through his attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, liquidated damages, punitive damages, attorneys' fees, and other relief on behalf of Plaintiff Charles Guarnieri (hereinafter "Plaintiff" or "Mr. Guarnieri"), an experienced and qualified applicant for the position of Warehouse Worker at Simon & Schuster Inc. (hereinafter, "S&S", or "Defendant"). Mr. Guarnieri has been harmed by Defendant's discrimination and refusal to hire him on the basis of his age.

2. This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States pursuant to 29 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any New Jersey state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On May 19, 2021, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On August 18, 2021, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.

## VENUE

7. This action properly lies in the District of New Jersey, pursuant to 28 U.S.C. § 1391(b).

8. This action properly lies in the District of New Jersey because the claim arose in this judicial district and Plaintiff applied for, and was denied, employment from Defendant in this judicial district.

## PARTIES

9. Plaintiff Charles Guarnieri is an adult male individual and resident of Beverly, New Jersey, and the United States of America.

10. Mr. Guarnieri is sixty-one years old and within the class of individuals protected against discrimination and other unlawful employment practices by the ADEA and NJLAD.

11. Defendant S&S was and is a corporation duly organized and existing under state law, with its corporate headquarters located in New York, New York, and its distribution facility

located at 100 Front Street, Riverside, New Jersey 08075 – the location at which Mr. Guarnieri sought employment.

12. Defendant S&S is a publishing company.

13. At all relevant times, employees of Defendant acted as agents and servants for Defendant Inspira.

14. At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of employment under the direct control of Defendant.

15. At all relevant times, Defendant is and has been an employer employing more than twenty (20) employees.

16. At all relevant times, Defendant is and has been an employer as defined under the laws at issue in this suit and is accordingly subject to the provisions of said laws.

## FACTS

17. In or about September 2020, Mr. Guarnieri applied for a Warehouse Associate position at Defendant's Distribution Center in Riverside, New Jersey.

18. Despite his undisputed qualifications for the position, Mr. Guarnieri was subjected to discrimination on the basis of his age, resulting in Defendant's refusal to hire Mr. Guarnieri.

19. After submitting his resume to Defendant, Mr. Guarnieri was informed that he had gotten the job and would be getting a call from Defendant's Human Resources Department.

20. Mr. Guarnieri then did, in fact, get a call from Human Resources, during which it was confirmed to him that he was being given the position.

21. During this call, Mr. Guarnieri asked the specific responsibilities of the role and was informed that it required heavy physical labor.

22. This did not concern Mr. Guarnieri, as he knew that he was physically capable of engaging in physical labor and performing the role.

23. Defendant's Human Resources representative then asked Mr. Guarnieri how old he was, and Mr. Guarnieri responded that he was 60 years old.

24. The Human Resources representative then stated that the position "wasn't for him," since it was too physical and involved heavy lifting, and thus was not for someone of his age.

25. However, Mr. Guarnieri absolutely could have performed the role.

26. Notably, the Human Resources representative had not seen him in person and was not even willing to give Mr. Guarnieri the opportunity to demonstrate that he could perform the work.

27. S&S did not hire Mr. Guarnieri for the position.

28. Mr. Guarnieri later learned that Defendant had filled the position with an individual who was significantly younger than him.

29. These facts demonstrate the discriminatory animus toward Mr. Guarnieri based on his age.

30. Specifically: (i) Defendant's hiring of Mr. Guarnieri prior to knowing his age; (ii) Defendant's immediate revocation of the offer upon learning of Mr. Guarnieri's age, expressly stating that the role was "not for someone of his age;" and (iii) Defendant's hiring of an individual significantly younger than Mr. Guarnieri for the position, demonstrate that Defendant's grounds for refusing to hire Mr. Guarnieri and/or revoking his employment offer were based solely on his age.

31. The circumstances surrounding Defendant's failure to hire Mr. Guarnieri despite his qualifications, experience, successful interview and confirmed interest in working for S&S, are indicia of a discriminatory animus against Mr. Guarnieri.

32. Given his treatment from S&S, and the circumstances described herein, Mr. Guarnieri maintains that Defendant discriminated against him on the basis of his age, and that its failure to hire him was the result of such discrimination.

33. Based on the foregoing, Mr. Guarnieri was discriminated against on the basis of his age in violation of the Age Discrimination in Employment Act and the New Jersey Law against Discrimination.

34. Mr. Guarnieri has suffered and continues to suffer mental anguish and severe emotional distress as a proximate result of the actions and inactions of Defendant.

35. Defendant's agents and employees involved in discriminating against Mr. Guarnieri all acted with the intent of causing, or in reckless disregard of the probability, that their actions would cause Mr. Guarnieri severe emotional distress.

36. Mr. Guarnieri has suffered financial losses including, among other things, lost salary and wages, lost benefits, an obligation for attorneys' fees and costs of pursuing this action, as well as other damages, as a direct and proximate result of the actions and inactions of Defendant.

## COUNT I
**Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.**

37. Plaintiff Charles Guarnieri repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

38. Plaintiff is, and was at the time that he was denied employment by S&S, over forty years of age, and is an individual within the class protected by the Age Discrimination in Employment Act.

39. In discriminating against Mr. Guarnieri because of his age, and refusing to hire Mr. Guarnieri based on his age, Defendant violated the Age Discrimination in Employment Act.

40. Defendant intentionally and willfully discriminated against Plaintiff.

41. As a direct result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff has sustained a loss of earnings, salary, and benefits, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, and other losses, including, but not limited to, back pay, front pay, and interest due thereon.

42. Defendant's willful violations of the ADEA warrant an award of liquidated damages.

## COUNT II
### New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

43. Plaintiff Charles Guarnieri repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

44. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the New Jersey Law Against Discrimination.

45. In discriminating against Mr. Guarnieri because of his age, and refusing to hire Mr. Guarnieri based on his age, Defendant violated the New Jersey Law Against Discrimination.

46. Said violations were intentional and willful.

47. Said violations warrant the imposition of punitive damages.

48. As a direct result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff has sustained a loss of earnings, salary, and benefits, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, and other losses, including, but not limited to, back pay, front pay, and interest due thereon.

49. Plaintiff is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

### **PRAYER FOR RELIEF**

50. Plaintiff Charles Guarnieri repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant:

   a. Enjoining future violations of the ADEA and NJLAD by Defendant;

   b. Ordering appropriate equitable relief;

   c. Ordering Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful conduct in violation of the ADEA and the NJLAD;

   d. Ordering Defendant to pay Plaintiff for all compensatory damages suffered;

   e. Ordering Defendant to pay Plaintiff liquidated damages;

   f. Ordering Defendant to pay Plaintiff punitive damages;

   g. Ordering Defendant to pay Plaintiff's attorneys' fees and costs;

   h. Ordering Defendant to pay Plaintiff any and all other remedies available pursuant to the ADEA and the NJLAD; and

   i. Such other and further relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff Charles Guarnieri hereby demands trial by jury as to all issues so triable.

*/s/ Christopher A. Macey, Jr.*
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
One Penn Center
1617 JFK Blvd. – Suite 1254
Philadelphia, PA 19103

*Attorneys for Plaintiff Charles Guarnieri*

Dated: November 15, 2021